IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEVIN DAVIS,**
**Claimant Below, Petitioner**

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-209**          (JCN: 2022024682)

**WAYNE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Kevin Davis appeals the April 26, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Wayne County Board of Education ("WCBOE") filed a timely response.[1] Mr. Davis did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 27, 2022, while employed by WCBOE, Mr. Davis fell out of a truck bed onto his back.[2] He was transported by ambulance to St. Mary's Medical Center. Mr. Davis reported that he felt pain in his lower back and lower extremities immediately after his fall. X-rays of Mr. Davis' cervical, thoracic, and lumbar spine performed on the same day revealed no acute findings. On May 27, 2022, Justin Kazee, M.D. diagnosed Mr. Davis

---

[1] Mr. Davis is represented by Edwin H. Pancake, Esq. WCBOE is represented by Jeffrey M. Carder.

[2] Mr. Davis has a long history of neck and back symptoms. He suffered a prior injury to his back in 2006, and he has since experienced intermittent numbness in his right lower extremity. A cervical MRI performed in 2007 revealed disc bulging at C4-C5. A lumbar MRI performed in 2007 revealed minimal central and slightly left-side asymmetric disc bulging without stenosis. Medical records indicate that Mr. Davis has been prescribed pain medication for several years to manage his neck and back pain symptoms. Mr. Davis was diagnosed with chronic pain syndrome in 2018, radiculopathy in 2019, and degenerative disc disease in 2021.

with acute-on-chronic neck and back pain. On the same day, Mr. Davis completed an Employees' and Physicians' Report of Occupational Injury or Disease form with the physicians' portion being completed by Dr. Kazee. Dr. Kazee identified the compensable diagnoses as neck pain and back pain.

Mr. Davis returned to St. Mary's Medical Center on May 31, 2022, and he reported lower back pain radiating down to his right leg. Mr. Davis was diagnosed with degenerative disc disease, exacerbated by a fall. Mr. Davis was excused from work from May 31, 2022, until June 3, 2022. On June 2, 2022, the work excuse was extended until June 13, 2022. A lumbar spine MRI was performed on June 10, 2022, revealing mild disc bulging at L3-4 and L4-5. Mr. Davis' work excuse was extended several more times.[3] The claim administrator issued an order dated June 13, 2022, which rejected the claim after finding that Mr. Davis did not suffer a discrete new injury. Mr. Davis protested this order.

On April 26, 2023, the Board issued an order affirming the claim administrator's order which rejected this claim. The Board found that Mr. Davis had not established that he sustained a discrete new injury rather than an aggravation of his preexisting injuries. Mr. Davis now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

---

[3] It is unclear from the record if, or when, Mr. Davis was cleared to return to work.

On appeal, Mr. Davis argues that the medical evidence establishes that he did suffer an injury on May 27, 2022, in the course of and resulting from his employment. Mr. Davis further argues that the Board was clearly wrong by inappropriately using the Supreme Court of Appeals of West Virginia's holdings in the cases of *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), and *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022) to "shield" employers from responsibility for their employees' injuries. We disagree.

In *Gill*, the Supreme Court of Appeals of West Virginia held:

[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discrete new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3.

In *Moore*, the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at __, 879 S.E.2d at 781, syl. pt. 5.

Here, the Board found that Mr. Davis had not established that he suffered a discrete new injury as required by *Gill*. The Board noted that Mr. Davis had a longstanding history of neck and back pain after a previous injury and there was no indication of a new injury in his medical records. The Board also noted that Mr. Davis' application for benefits identified an aggravation of his preexisting injuries rather than a new injury. The Board further found that the presumption set forth in *Moore* had been rebutted by Mr. Davis' longstanding symptomatic preexisting conditions.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Davis failed to establish that he suffered a discrete new injury under *Gill*. *See Blackhawk Mining, LLC, v. Argabright*, No. 22-ICA-262, __ W. Va. __, __ S.E.2d __, 2023 WL 3167476 at *3 (Ct. App. May 1, 2023) (holding that a preexisting injury itself does not become compensable, only the discrete new injury.) While it is undisputed that Mr. Davis fell from his truck and likely did aggravate his preexisting injuries, he simply has not established through medical evidence that he suffered a discrete new injury. Further, we find that the Board was not clearly wrong in finding that the presumption set forth in *Moore* had been rebutted in this case, as Mr. Davis has suffered from documented chronic back and neck pain since 2006.

Additionally, as the Board noted, the diagnoses identified on Mr. Davis' application for benefits are neck and back pain, which are symptoms and not compensable conditions on their own. Thus, even if Mr. Davis had established a discrete new injury as required by *Gill*, this claim could not be held compensable under the requested diagnoses.

Accordingly, we affirm the Board's April 26, 2023, order.

Affirmed.

**ISSUED:** September 5, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4